UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LORETTA KENNY,

               Plaintiff,

- against -                              **REPORT AND RECOMMENDATION**
                                                           05-CV-1415 (KAM) (JMA)
JOHN E. POTTER, UNITED STATES POSTAL
SERVICE, DEPARMENT OF JUSTICE OF THE
UNITED STATES,

               Defendants.
-----------------------------------------------------------X

A P P E A R A N C E S

Thomas F. Bello
Thomas F. Bello, Esq. P.C.
393 Lighthouse Ave.
Staten Island, NY 10306
    *Attorney for Plaintiff*

John Vagelatos
United States Attorney's Office
Eastern District Of New York
271 Cadman Plaza East
Brooklyn, NY 11201
    *Attorney for Defendants*

**AZRACK, United States Magistrate Judge:**

       On March 17, 2005, Loretta Kenny ("plaintiff") filed this action against John E. Potter, the United States Postal Service, and the United States Department of Justice (collectively "defendants"), alleging employment discrimination on the basis of her age and race. See generally Compl., ECF. No. 1. Since the commencement of the case six years ago, and as discussed below, plaintiff repeatedly disregarded Court orders and deadlines. Indeed, in the past six months, plaintiff has not taken any action in this case. Pursuant to this inactivity, on January

11, 2011, defense counsel submitted a letter requesting that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Defs.' Letter 1, ECF No. 32. For the reasons discussed below, I recommend that the action be dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed this action on March 17, 2005. See generally Compl. Plaintiff failed to effect service as required under Federal Rule of Civil Procedure 4(m). On May 2, 2006, I directed plaintiff to move to adjourn the time to serve pending the resolution of a union grievance procedure. Defs' Letter 1, ECF No. 34; Minute Entry, ECF No. 3. Plaintiff failed to make the request for adjournment.

On January 12, 2007, I directed plaintiff to provide a status report on the case by January 31, 2007. ECF Entry, Jan. 12, 2007. Plaintiff failed to do so. On March 27, 2007, plaintiff requested an additional thirty days to determine whether she would proceed with the action or withdraw from the case. Letter dated Mar. 27, 2007, ECF No. 4. Despite granting her request, plaintiff neither notified the Court regarding her decision to proceed with the case, nor withdrew from the case. Defs.' Letter 2.

Four months later, on November 27, 2007, I directed plaintiff "to make an application to file the complaint out of time." ECF Entry, Nov. 27, 2007. By letter dated December 14, 2007, plaintiff made the application. Pl.'s Letter, ECF No. 6. However, on December 20, 2007, the Honorable Joseph F. Bianco noted that plaintiff "failed to provide a basis for finding 'good cause' under Rule 4(m) of the Federal Rules of Civil Procedure for this lengthy period of delay," and ordered plaintiff to file a letter explaining the reasons for the delay in service. Order dated Dec. 20, 2007, ECF No. 7. Judge Bianco reiterated that plaintiff's failure to file the reasons by

January 5, 2008 would result in the dismissal of the case without prejudice. Id. Despite the Court's explicit order, plaintiff did not make the required filing, and, accordingly, on January 29, 2008, Judge Bianco dismissed this action for failure to prosecute, noting that plaintiff "has shown no interest in continuing to prosecute" the case. Order, ECF No. 9.

On January 31, 2008, plaintiff requested that the Court vacate the dismissal and extend the time to serve the complaint, explaining that plaintiff's failure to comply with the December 20, 2007 Order was an "oversight." Letter dated Jan. 31, 2008, ECF No. 10. Pursuant to plaintiff's request, on February 4, 2008, Judge Bianco reopened the case and ordered plaintiff to serve defendants by February 11, 2008, or face dismissal for failure to serve and prosecute. Order dated Feb. 4, 2008, ECF No. 11; Defs.' Letter 2. Nevertheless, plaintiff again failed to serve the complaint or notify the court of service.

On July 9, 2008, without any confirmation that the defendants had been served, Judge Bianco dismissed the complaint for a second time for plaintiff's failure to prosecute. Order dated Jul. 9, 2008, ECF No. 12. On July 16, 2008, plaintiff wrote to the Court, asserting that she had served defendants as directed. Letter dated Jul. 16, 2008, ECF No. 13. Accordingly, Judge Bianco reopened this action on August 1, 2008. Order dated Aug. 1, 2008, ECF No. 16. However, despite plaintiff's assertions to the contrary, plaintiff still had not properly served defendants pursuant to Federal Rule of Civil Procedure 4(i). Defs.' Letter 3.

On December 18, 2008, the case was re-assigned to Honorable Kiyo A. Matsumoto. ECF Entry, Dec. 18, 2008. On January 8, 2009, nearly four years after the action was first commenced, plaintiff finally effected proper service of the complaint. ECF No. 20.

On May 28, 2009, I set a discovery schedule. ECF No. 26. Plaintiff then filed an untimely Rule 26 disclosure, failed to make herself available for depositions, and conducted no

further discovery. Defs.' Letter 3. In a conference before me, I ordered that defendant depose plaintiff. Minute Entry, ECF No. 27, Nov. 30, 2009.

During plaintiff's deposition, she admitted that she did not have documents supporting the claim that she was discriminated against because of her race and age, and conceded that other than her supervisor's race and age, plaintiff had no reason to believe that she was reassigned due to her race and age. Defs.' Letter 3; Dep. of Loretta Kenny 92:15-21. Upon the completion of the deposition, the parties discussed whether plaintiff should voluntarily dismiss the action. Defs.' Letter 3.

On June 22, 2010, the parties appeared before me for a settlement conference, at which plaintiff's counsel noted that he was closing his legal practice. Minute Entry, ECF No. 30. I then directed plaintiff to inform the Court whether she would obtain new counsel or voluntarily dismiss the action. Id. On June 25, 2010, plaintiff's counsel notified me that plaintiff was still considering whether she would voluntarily dismiss the action and advised me that he would move to withdraw as counsel. Plaintiff's counsel never filed the motion to withdraw, and plaintiff never contacted the Court as to how she wished to proceed.

Since June 2010, defense counsel has called plaintiff's counsel on multiple occasions to determine whether plaintiff intends to prosecute the action. Defs.' Letter 4. Each time, plaintiff's counsel responded that he was unable to contact his client. Id. On November 26, 2010, plaintiff's counsel informed defense counsel that he had not spoken to his client for the prior two months. Id.

## II. DISCUSSION

Rule 41(b) provides, in pertinent part, that a defendant may move for dismissal of an action or of any claim against the defendant, "for failure of the plaintiff to prosecute or to comply

with these rules or any order of court." Fed. R. Civ. P. 41(b). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Over six years have elapsed since plaintiff first filed her complaint, during which time plaintiff made very little effort to prosecute this action. Indeed, the Court dismissed this claim twice for plaintiff's failure to serve. When plaintiff finally effected proper service, she then repeatedly failed to comply with discovery deadlines, indicating a dilatory, if not apathetic, response to Court orders. The culmination of plaintiff's enervated prosecutorial history, the inability of plaintiff's counsel to contact his client, and the most-recent six months of inactivity on the docket, warrants a dismissal of the case for failure to prosecute. See e.g., Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666–67 (2d Cir. 1980) (dismissing the case under Rule 41(b) in a case involving six months of inactivity). Furthermore, because plaintiff has a duty of due diligence to move her case forward, and has failed to do so, prejudice to the defendants may be presumed. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).

Accordingly, I recommend that the case be dismissed due to plaintiff's failure to prosecute and repeated noncompliance with Court orders.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6.

SO ORDERED.

Dated: January 24 , 2011
Brooklyn, New York

                                                            /s/
                                          JOAN M. AZRACK
                                          UNITED STATES MAGISTRATE JUDGE